DECUIR, J.,
concurring.
1,1 agree with the majority and write separately in order to expound upon the after-acquired title doctrine as it pertains to timber rights.
. The question of whether standing timber belongs to the owner of the ground or to *552 another person is to be determined under the Civil Code rules governing acquisition of ownership. The only person capable of conveying title to timber rights is the owner. However, as the majority notes, Louisiana law holds that “where one sells the property of another ... and later acquires title to the property sold by him, the title vests immediately in his vendee.” St. Landry Oil .& Gas Co. v. Neal, 166 La. 799, 118 So. 24, 25 (1928). See also, Plaquemines Parish Gov’t v. State of Louisiana, 01-1027 (La.App. 4 Cir. 4/10/02), 826 So.2d 14, writ denied, 02-1304 (La.9/13/02), 824 So.2d 1170. The rule of after acquired title is broadly applicable and includes the ownership of mineral leases, as in the St. Landry Oil & Gas case, and timber rights.
In order for the doctrine of after-acquired title to apply in this case, the standing timber at issue must have been presumed to be owned by the community prior to its partition, and it must have been purportedly conveyed to Baudin in the community property partition. This court was presented with the question of ownership of certain roadbeds in the case of Lamson Pertoleum v. Hallwood Petroleum, 00-695 (La.App. 3 Cir. 1/31/01), 824 So.2d 1194. In resolving the issue, the court focused on the | ¿property descriptions of the pertinent land sales: “[T]he remaining issue is the alleged acquisition by DeJack under the doctrine of after acquired title. In order to determine whether he acquired title in that manner, it is necessary to determine whether the description in the sale to him includes those tracts, irrespective of the sellers’ [sic] not being owners at that time.” 824 So.2d 1194, 1199. Likewise, in the present case, a review of the act of sale evidencing the community’s acquisition of the property and the judgment of partition transferring ownership to Baudin is dispositive of the timber rights issue.
La.Civ.Code art. 491 states that standing timber is “presumed to belong to the owner of the ground, unless separate ownership is evidenced by an instrument filed for registry in the conveyance records of the parish in which the immovable is located.” Standing timber becomes a “separate immovable” when it belongs to a person other than the owner of the ground. La. Civ.Code art. 464. In this case, separate ownership of the timber was clearly evidenced by the language of the act of sale dated June 20, 1988 and recorded in the conveyance records of St. Landry Parish. Therefore, no presumption of the community’s ownership of the timber rights exists which could have possibly passed to Bau-din at the time of the partition.
Similarly, the conveyance of the property to Baudin at the time of the partition did not purportedly include the timber rights for which Baudin could later obtain title. In the property description included in the judgment of partition, timber rights were not mentioned, and as later evidenced by Baudin’s petition for removal of the timber, she had actual knowledge that the timber was not conveyed to her in the partition.
Accordingly, when Spruill purchased the timber rights from the Gayer heirs, he purchased a separate and distinct immovable, “segregated in ownership from the | aland on which it stands.” La.Civ.Code art. 464, Comment (c). I concur in the majority’s decision to reverse the judgment rendered by the trial court.